IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CELESTINA GOMEZ GARCIA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. _____ |
| | § | |
| SCOTT R. CAMERON, and | § | |
| ATS SPECIALIZED, INC. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Celestina Gomez Garcia complains of Scott R. Cameron and ATS Specialized, Inc. ("Defendants") and would respectfully show that:

### I.

### Jurisdiction and Venue

1.  The Court has jurisdiction to hear these claims under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Venue is proper under 28 U.S.C. § 1391 and because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### II.

### Parties

2.  Plaintiff Celestina Gomez Garcia is a resident of Shepherd, Texas.

3.  Defendant Scott R. Cameron is a Florida resident and may be served at 1065 Manila Bay Drive, Barefoot Bay, Florida 32976 or wherever he may be found.

4. Defendant ATS Specialized, Inc. is an Indiana corporation doing business in Texas. Defendant may be served by and through its registered agent, National Registered Agents, Inc., 1999 Bryan St., Suite 900, Dallas, TX 75201.

## III.

### Statement of Facts

5. On or about January 23, 2016, Plaintiff was traveling southbound on US 59 in Liberty County, Texas when Defendant Cameron, traveling behind Plaintiff, failed to control his speed and struck Plaintiff's vehicle from behind causing serious bodily injuries to Plaintiff. At the time of this incident, Defendant Cameron was operating the vehicle in the course and scope of his employment with Defendant ATS Specialized, Inc. Therefore, ATS Specialized, Inc. is vicariously liable for the negligence of Defendant Cameron. Pleading in the alternative, ATS Specialized, Inc. is vicariously liable for the conduct of Defendant Cameron because he was a statutory employee pursuant to the Federal Motor Carrier Safety Regulations.

## IV.

### Causes of Action

#### I. NEGLIGENCE AND NEGLIGENCE PER SE

6. Plaintiff would show that, at the time of this collision, Defendant Cameron was negligent and grossly negligent by:

    A. Failing to control the speed of his vehicle;

    B. Failing to maintain a proper lookout;

    C. Failing to take proper evasive action to avoid the subject accident; and

    D. Other acts deemed negligent.

7. In addition to being vicariously liable for the negligence of Defendant Cameron, Plaintiff contends that Defendant ATS Specialized, Inc. was also negligent and grossly negligent by:

A. Negligently hiring and retaining Defendant Cameron;

B. Failing to properly train and supervise Defendant Cameron;

C. Negligently entrusting Defendant Cameron with a motor vehicle; and

D. Other acts deemed negligent.

8. Each of the foregoing acts of negligence and gross negligence, whether of commission or omission, and whether considered collectively or separately, constituted negligence and each was proximate cause of the subject occurrence and of the injuries and damages for which recovery is sought herein.

V.

**Damages**

9. As a direct and proximate result of the negligence and gross negligence of Defendants, Plaintiff sustained injuries, which resulted in, and proximately caused, physical pain, mental anguish, and other medical problems. Plaintiff will show that she has also sustained pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life, and that in all reasonable probability, such pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life will continue indefinitely. Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and, within reasonable medical probability, will incur in the future pharmaceutical and/or medical expenses in connection with her injuries.

## VI.

## Jury Demand

10. Plaintiff hereby demands a jury.

## VII.

## Prayer

11. For the reasons discussed herein, Plaintiff prays this citation issue and that Defendants be required to appear and answer herein, that Plaintiff have judgment taken against Defendants, jointly and severally, and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, punitive damages, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**PIERCE SKRABANEK BRUERA, PLLC**

*/s/ Michael E. Pierce*
_____
MICHAEL E. PIERCE
State Bar No. 24039117
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: michael@psbfirm.com
         paul@psbfirm.com

**ATTORNEYS FOR PLAINTIFF**